| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) **MEMORANDUM AND** ) **RECOMMENDATION** ) |
| J.R. MILLS, INC. d/b/a RAY'S ELBOW ROOM and JAMES RAY MILLS, Individually, | ) ) ) ) |
| Defendant. | ) ) |

This Cause comes before the Court upon Plaintiff's Motion for Summary Judgment **[DE-33]**. Defendant James Ray Mills has responded to this motion **[DE-34]** and Plaintiff has filed a Reply **[DE-35]**. Accordingly, the matter is ripe for adjudication and has been referred to the undersigned for the entry of a memorandum and recommendation Pursuant to 28 U.S.C. 636(b)(1).

**I. Background**

Plaintiff is a closed-circuit distributor of sports and entertainment programming **[DE 33-2, ¶ 3]**. It purchased and retains the commercial exhibition licensing rights to the "Erik Morales v. Manny Pacquiao World Super Featherweight Championship Fight Program" ("Program"). *Id.* After acquiring these licensing rights, Plaintiff entered into sub-licensing agreements with various commercial entities which granted these entities the rights to publicly

exhibit the Program to customers within their respective establishments. *Id.* Commercial establishments in the State of North Carolina were required to enter into a sub-licensing agreement with Plaintiff to broadcast the Program to their patrons **[DE 33-4, pg. 2].** The Program was distributed via closed circuit television and encrypted satellite signal **[DE-1, ¶ 7]**. Specifically, the event originated via satellite uplink and then was re-transmitted to cable systems and satellite companies. *Id.*

At no time did Defendants purchase the right to publicly exhibit the Program from Plaintiff **[DE 33-2, ¶ 7]**. Defendants concede that they broadcasted the Program at a commercial establishment in North Carolina ("Ray's Elbow Room") on March 19, 2005 **[DE 34-2]**. They were able to do so because they had obtained a residential license to view the Program from a satellite company ("DirecTV") **[DE's 34-1, 34-2, 35]**. The Program was broadcast at this establishment on a large projection television **[DE 33-5]**. Approximately 38-44 customers were present during the time Defendants broadcasted the Program at Ray's Elbow Room. *Id.* Plaintiff contends that Defendants' conduct violates 47 U.S.C. § 605, *et seq.*, and that said violation creates a private right of action.

## II. Analysis

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317 (1986); Ross v.

2

Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). The moving party can bear his burden either by presenting affirmative evidence, or by demonstrating that the non-movant's evidence is insufficient to establish his claim. Celotex, 477 U.S. at 331 (Brennan, J., dissenting). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue which requires trial. Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). As a general rule, the non-movant must respond to a motion for summary judgment with affidavits, or other verified evidence, rather than relying on his complaint or other pleadings. Celotex, 477 U.S. at 324; see also, Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

In the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. Anderson, 477 U.S. at 255. It is well-established that the any analysis of the propriety of summary judgment must focus on both the materiality and genuineness of the fact issues. Ross, 759 F.2d at 364. The mere existence of some alleged factual dispute between the parties will not defeat a motion for summary judgment. Anderson 477 U.S. at 247-48. A fact is material only when its resolution affects the outcome of the case. Id. at 248.

Title 47 U.S.C. § 605 states in pertinent part:

> no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney, (2) to a person employed or authorized to forward such communication to its destination, (3) to proper accounting or distributing officers of the various

> communicating centers over which the communication may be passed, (4) to the master of a ship under whom he is serving, (5) in response to a subpena issued by a court of competent jurisdiction, or (6) on demand of other lawful authority. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.
> 47 U.S.C. § 605(a).

This statute has been interpreted to prohibit the theft of scrambled satellite communications and cable television services. That's Entertainment, Inc. V. J.P.T., Inc., 843 F. Supp. 995, 999 (D. Md. 1993)(internal citations omitted). *Pro se* Defendants' response to the instant motion for summary judgment contains no legal argument and fails to rebut Plaintiff's factual contentions. Indeed, Defendants concede they broadcast the Program to patrons at Ray's Elbow Room. The crux of Defendants' response is that their actions do not violate 47 U.S.C. § 605 because they obtained a residential license to broadcast the Program. Thus, Defendants essentially argue that any violation of 47 U.S.C. § 605 on their part was not willful because they incorrectly believed a residential license entitled them to broadcast the Program at a commercial establishment. This argument is unpersuasive. Title 47 U.S.C. § 605 clearly proscribes the unauthorized divulgence or use of communications which have been received legally for certain purposes. J.P.T, Inc., 843 F. Supp. at 999. Likewise, it is not necessary for Plaintiff to establish willfulness concerning the exhibition itself in order to establish liability for the unlawful exhibition. *Id.* (Section 605 "is devoid of any language indicating that the Act is violated only by knowing or willful conduct."). *See also* 47 U.S.C. § 605(e)(3)(C)(iii)(imposing liability upon violators even when "the violator was not aware

4

and had no reason to believe that his acts constituted a violation of this section."). Rather, the issue of willfulness bears exclusively on the issue of damages. 47 U.S.C. § 605(e). To this end, Plaintiff requests an evidentiary hearing on the issue of damages, attorney's fees and costs.

## III. Conclusion

Based on the forgoing record, the undersigned finds that it is undisputed that Defendants broadcast the Program at Ray's Elbow Room without obtaining the required commercial license from Plaintiff, in violation of 47 U.S.C. § 605, *et seq*. Accordingly, it is HEREBY RECOMMENDED that Plaintiff's Motion for Summary Judgment **[DE-33]** be GRANTED with respect to liability. With respect to damages, there exists a genuine issue of material fact (i.e.–the willfulness of Defendants' violation). Accordingly, it is FURTHER RECOMMENDED that a evidentiary hearing be conducted on the issue of damages.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 11th day of June, 2007.

_____
William A. Webb
U.S. Magistrate Judge